UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SSN HOTEL MANAGEMENT, LLC, et al.,<br>    Plaintiffs<br><br>v.<br><br>THE HARFORD MUTUAL INSURANCE COMPANY,<br>    Defendant | CIVIL ACTION NO. 2:20-CV-06228<br><br>JURY TRIAL DEMANDED<br><br>HON. CHAD F. KENNEY |

## **DEFENDANT'S MOTION TO DISMISS**

AND NOW, comes the Defendant, The Harford Mutual Insurance Company, by its attorneys, Thomas, Thomas & Hafer, LLP, and moves to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6) based upon the following:

1. In this case, the Plaintiffs, operators of 22 hotel properties, claim that they are entitled to recover insurance proceeds under businessowners insurance policies issued by The Harford Mutual Insurance Company ("Harford") due to allegations of business interruption resulting from the COVID-19 pandemic and related government Orders.

2. The Plaintiffs are insureds under two commercial insurance Policies issued by Harford under policy numbers 9185956 and 9193536 which were effective from May 1, 2019 – May 1, 2020 and May 1, 2020 – May 1, 2021, respectively.

3. The Plaintiffs contend that they are entitled to payment under the Business Income, Extra Expense and Civil Authority Policy provisions because of government Orders which led to an interruption in the Plaintiffs' normal business operations.

4. The Plaintiffs assert that their claims under the Harford insurance Policies have been incorrectly denied.

5. However, the Plaintiffs are unable in this case to establish a prima facie entitlement to insurance coverage because they can neither establish that their alleged losses bear some causal connection to a physical condition of the insured premises nor that those conditions operated to completely or near completely preclude operation of the premises as intended.

6. The Plaintiffs' claims under the Business Income coverage are legally insufficient because the Complaint fails to plausibly allege direct physical loss of or damage to insured property.

7. Actual physical damage – a structural change – to premises is required to trigger any coverage, the duration of which is tied to repair or a "period of restoration" because property that is not physically impacted cannot be repaired or rebuilt and need not be replaced.

8. For the Policy's Civil Authority Coverage to apply, there must be a (1) specific prohibition of access to SSN's premises, (2) a Covered Cause of Loss to property within a mile of SSN's premises, and (3) the order specifically prohibiting access to SSN's premises must be a direct result of that Covered Cause of Loss.

9. The claim under the Civil Authority provision is legally insufficient because the government Orders at issue did not prohibit access to the Plaintiffs' business premises.  If fact, the Plaintiffs' hotel operations were not shut down by the government Orders referenced in the Complaint.

10. The claim under the Civil Authority provision is legally insufficient because there is no allegation of a Covered Cause of Loss to property within a mile of the Plaintiffs' premises.

11. The Plaintiffs' Complaint is legally insufficient because it does not allege that the governmental Orders were issued "as a result of" damage to other property within one mile of the insured premises or that the Orders were issued in response to "dangerous physical

conditions resulting from the damage or contamination of the covered loss that caused the damage."

12. The Orders on which the Plaintiffs rely were issued to prevent the future spread of coronavirus not because of damage to property as required for Civil Authority coverage under the Policies.

13. The government Orders referred to in the Complaint do not and cannot independently constitute Covered Causes of Loss which are required to trigger coverage.

14. The loss at issue in this case is excluded under the Ordinance or Law provision.

15. The insurance Policies in question contain a plainly worded and clearly applicable Exclusion of Loss Due to Virus or Bacteria that excludes coverage for loss or damage caused by or resulting from "any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."  This Exclusion explicitly applies to all coverage under all forms and endorsements that cover business income, extra expense or action of civil authority.

16. All of the Plaintiffs' alleged losses were caused by the coronavirus.

17. The Plaintiffs' Complaint fails to allege any Covered Cause of Loss.

18. The Policies' Business Income, Extra Expense and Civil Authority coverages do not apply to the Plaintiffs' claims.

19. The doctrine of regulatory estoppel does not apply in this case.

20. The doctrine of reasonable expectations does not apply in this case.

21. The Plaintiffs are not entitled to declaratory relief because there is no coverage under the subject Policies.

22. Because the Policies clearly do not cover the losses alleged in the Complaint, there is no legal basis to sustain a breach of contract claim.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs' Complaint be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6).

                Respectfully submitted,

                THOMAS, THOMAS & HAFER, LLP

                By: /s/ Kevin C. McNamara
                     Kevin C. McNamara, Esq.
                     PA I.D. No. 72668
                     P.O. Box 999
                     Harrisburg, PA 17108-0999
                     (717) 237-7132

## **CERTIFICATION**

I certify that prior to filing the instant Motion, I conferred with Plaintiffs' counsel, Stanford Ponson, Esquire, regarding the substance of the Motion and the issues to be addressed. The issues raised in the Motion cannot be resolved by agreement due to their dispositive nature.

                          THOMAS, THOMAS & HAFER, LLP

                          By: /s/ Kevin C. McNamara

## CERTIFICATE OF SERVICE

I, Kevin C. McNamara, Esquire, of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that I sent a true and correct copy of the foregoing document to the parties in the manner and on the date set forth below:

### Via Electronic Court Filing System:

Sol H. Weiss, Esq.
James R. Ronca, Esq.
Stanford B. Ponson, Esq.
Paola Pearson, Esq.
Anapol Weiss
sweiss@anapolweiss.com
jronca@anapolweiss.com
sponson@anapolweiss.com
ppearson@anapolweiss.com


/s/ Kevin C. McNamara                              Date:  February 19, 2021


4917128.1